[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action for dissolution of marriage was tried over a two day period. Both parties were represented. They presented evidence on financial issues including child support, health insurance, alimony, life insurance, division of assets and liabilities, and counsel fees. Only the parties testified. Numerous exhibits were entered into evidence. The court has considered all of the statutory criteria for the orders to be issued. The statutory criteria will not be restated here. The court makes the following findings of fact and issues the following orders.
The parties were married on October 16, 1971 in Hartford, Connecticut. The following minor children have been born to the wife who are issue of the marriage: Chelsea Eleanor Salzarulo, born May 30, 1990, and Vanessa Arianna Salzarulo, born May 18, 1993. Both of the minor children reside with the plaintiff mother in Colchester, Connecticut. The parties have two older children who are now adults. The court has jurisdiction over the marriage, both of the parties having resided in the State of Connecticut for more than one year prior to the bringing of this action. The parties have not been recipients of public assistance during the period of the marriage.
The plaintiff wife is 47 years old. She has not completed high school. She has had a myriad of health problems during her life, some of which still affect her. She has a chronically sore back, a temporal mandibular joint problem which causes headaches, and agoraphobia which sometimes causes panic and anxiety. As a teenager she had planned to become a nurse. But she became pregnant and left high school to marry the defendant. She had only brief periods of employment outside of the home during the marriage. She worked as a nurses aid for about a year when their first child was young. Later she worked as a teller in a bank for a short time on two separate occasions. Since the parties separated in April 1999 the plaintiff has worked part-time as a waitress in a pizza restaurant. She only works 11 hours per week at the moment because she does not want her children to have to go to daycare before or after school. She earns $7 per hour and averages another $6 per hour in tips.
The defendant husband is 53 years old. He has a high school education. CT Page 15004 He has health issues as well. During service in Vietnam in the Marine Corps the defendant suffered a right knee injury requiring surgery for which he receives a monthly disability check from the Veterans Administration. He also began receiving additional disability benefits from the VA in 1999 as a result of a diagnosis of post traumatic stress disorder dating back to his Vietnam service. He receives a total of $215 weekly, of which $24 per week is designated for support of his minor children. For the last 31 years the defendant has worked for the United States Postal Service as a mail handler. He has always worked the midnight shift. This is a physical job which includes lifting, pushing and pulling of large sacks of mail. In the course of his employment he sustained an injury to his left knee which required surgery and resulted in a permanent partial disability rating. The defendant has a base weekly salary of $630 after withholding for taxes and Medicare. Throughout his employment he has worked a great deal of overtime at $27 per hour.
The history of the marriage has been that of two people leading separate lives. The defendant left for work about 10:00 p.m. and many days did not return until late morning. Most of his time would be spent sleeping until his return to work. The plaintiff spent her time caring for the four children and taking care of all of the household duties. The parties drifted apart. The plaintiff admitted to two brief affairs many years ago caused by loneliness. The parties continued with the marriage and had their last two children. It is clear that the defendant viewed his primary role as husband to be that of a good provider. He has done well in this role considering where he started in life. It is clear that the plaintiff viewed her primary role as wife to be that of a good mother to the children. She has done well in this role. It appears that the differences which have arisen between the parties have occurred because they failed to nurture their own relationship. This is a sad situation which cannot be attributed to the fault of either party. The parties are in agreement on custody and visitation issues.
The calculation of child support is based initially upon the actual weekly gross of $144 for the plaintiff and $1,220 for the defendant (base salary of $742 plus 12 hours of overtime at $27 per hour plus $215 in VA disability benefits[1]). This produces presumptive child support of $285 per week from the defendant to the plaintiff However, it is clear that the plaintiff has a higher earning capacity than $144. Earning capacity is one of the criteria for a deviation. Guidelines, Section46b-215a-3 (b)(1)(B). The plaintiff has the capacity to earn $300 per week by simply increasing her work hours to about 25 hours per week. This would still leave her with ample time to care for the needs of the children. Based upon the earning capacity of the plaintiff the presumptive support is inappropriate. A downward deviation of $40 per week is equitable. CT Page 15005
The parties owned a series of homes during the marriage. The last home was in East Hartford where the family lived for approximately 14 years until the plaintiff left with the two youngest children in April 1999. The defendant remained in the home until the parties agreed to sell the house. The house was sold in September 2001 and there are net proceeds of approximately $70,000[2] which are being held in escrow pending equitable distribution by this court. The parties gave the buyers a $1,000 credit at closing for maintenance items and the defendant spent $1,485.70 preparing the house for sale.
The court issues the following orders:
1. The marriage of the parties is dissolved.
2. The parties shall have joint legal custody of the minor children. Primary residence of the minor children shall be with the plaintiff mother. The defendant father shall have liberal and reasonable parenting access time.
3. The defendant husband shall pay to the plaintiff wife child support in the amount of $245 per week. Child support shall be payable until each child attains the age of 18 years, but if still in high school, support shall continue through high school graduation but not beyond the age of 19 years. The parties are ordered to give notice to each other of any changes of their employment in regard to hours worked, rate of pay, and place of employment.
4. The defendant shall maintain medical and dental insurance on behalf of the minor children. The parties shall share unreimbursed medical, dental, orthodontic, counseling and prescription expenses with the plaintiff paying 34% and the defendant paying 66%.
5. The defendant shall pay to the plaintiff periodic alimony in the amount of $300 per week until the death of either party, the remarriage of the plaintiff or 15 years from the date of the date of this judgment. Alimony shall be nonmodifiable as to term only.
6. The defendant shall pay to the plaintiff the sum of $2,750 from his share of the proceeds from the sale of the marital home. This sum represents one-half of the value of the sports cards and Beanie Babies shown on the defendant's financial affidavit. All of the other personal property and furnishings which were formerly in the marital home shall be divided equally by the parties. The parties shall meet within 30 days to try to reach an agreement on this division. It they are unable to reach agreement, the parties are referred to Family Relations for CT Page 15006 investigation, conciliation, and report before any motions can be filed in court.
7. The defendant shall pay the plaintiff the sum of $3,000 toward her counsel fees from his share of the proceeds from the sale of the marital home. With this exception, the parties shall each pay their own counsel fees.
8. The proceeds in escrow from the sale of the marital home shall be divided as follows: $1,422.71 to the defendant to reimburse him for expenses for repairs to the home necessary for sale; and the remainder to be divided equally between the parties. From the defendant's share is to be paid the total of $5,750 referred to in paragraphs 6 and 7 above.
9. The defendant shall transfer to the plaintiff one-half of the defendant's U.S. Postal Service pension. This transfer shall be effectuated by a Qualified Domestic Relations Order drafted in accordance with terminology embodied in Part 838 of Title 5, Code of Federal Regulations. In the event of the defendant's death, pension payments shall continue for the benefit of the Plaintiff under the survivor annuity provisions of Sec. 8341 of Title 5, Code of Federal Regulations. The court shall retain jurisdiction to carry out the provisions of this paragraph.
10. The defendant shall maintain life insurance an the amount of $98,500 naming the plaintiff as beneficiary for as long as he has an alimony obligation. In addition, the defendant shall maintain life insurance in the amount of $98,500 naming the minor children as beneficiaries for as long as he has a child support obligation. This insurance is in existence through the defendant's employer at no cost.
11. The defendant shall retain the voice and wireless communications securities shown on the defendant's financial affidavit.
12. The defendant shall transfer title to the 1994 VW Jetta to the plaintiff free and clear of any claims of the defendant. The plaintiff shall transfer title to the 1993 Mitsubishi Galante and the 1986 Buick Fiero to the defendant free and clear of any claims of the plaintiff
13. The parties shall retain their respective bank accounts shown on their financial affidavits, free and clear of the claims of the other party.
14. The defendant is ordered to file his 2000 Federal and State tax returns within 60 days. The defendant shall give the plaintiff one-half of any refunds received. CT Page 15007
15. The parties shall be responsible for the payment of the debts shown on their financial affidavits and shall indemnify and hold the other party harmless therefrom. Each party shall immediately cancel any joint credit cards or charge accounts in their possession.
John W. Pickard, J.